United States Courts
Southern District of Texas
ENTERED

MAR 2 2 2005

Michael N. Milby, Clerk of Court

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KARON K. CONNELLY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil Action No. H-03-1581 |
| THE TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, JOHN F. FANT, | § | |
| KENNETH W. BALUSEK, REBECCA | § | |
| SCHLOSSER, and KENNETH B. | § | |
| FLORENCE | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Defendant TDCJ has filed a Motion To Dismiss Plaintiff's TCHRA (Texas Commission on Human Rights Act) and Section 1983 Claims (Docket Entry No. 67). Plaintiff has filed a Response (Docket Entry No. 68), Defendant has filed a Reply (Docket Entry No. 69), and Plaintiff recently filed a Supplemental Response (Docket Entry No. 112). For the reasons that follow, Defendant TDCJ's Motion is **GRANTED**. Plaintiff's TCHRA claims are **DISMISSED WITHOUT PREJUDICE** in their entirety, and Plaintiff's section 1983 retaliation claim against the TDCJ is **DISMISSED WITHOUT PREJUDICE**.

This case has been pending for nearly two years. Plaintiff filed her Third Amended Complaint on January 27, 2004 (Docket Entry No. 42). The Court bases its ruling on the allegations contained in the Third Amended Complaint. Plaintiff asserts the following claims for relief: (1) a Title VII sex discrimination claim against the TDCJ; (2)

1

a Title VII retaliation claim against the TDCJ; (3) an age discrimination claim against the TDCJ pursuant to Chapter 21 of the Texas Labor Code, known as the Texas Commission on Human Rights Act (TCHRA); (4) a retaliation claim against the TDCJ pursuant to Chapter 21 of the Texas Labor Code; and (5) a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983 against the TDCJ, Fant, Roberson, Schlosser, Balusek, and Florence. Based on the parties' agreement, Defendant Roberson was dismissed from this lawsuit without prejudice on February 2, 2005 (Docket Entry No. 109). The Third Amended Complaint states that the individual Defendants are sued in their individual capacities.

Various Defendants previously filed motions to dismiss arguing that many of Plaintiff's claims were barred by the applicable statute of limitations and that Plaintiff failed to state a claim under section 1983. On September 30, 2004, Judge Rainey ordered that all Title VII claims and Texas Labor Code claims against the TDCJ arising from incidents or facts prior to April 11, 2001 be dismissed and that all claims under section 1983 against the individual Defendants and Defendant TDCJ arising from incidents that occurred prior to May 8, 2001 be dismissed. Judge Rainey also denied Defendants' motions to dismiss for failure to state a claim (Docket Entry No. 83). Various Defendants also filed motions for summary judgment. These motions were denied as moot after the Court entered a revised scheduling order. Defendants may re-urge the motions or file amended dispositive motions by April 22, 2005 (*See* Docket Entry No.102).

Defendant TDCJ moves to dismiss Plaintiff's TCHRA claims in their entirety, and Plaintiff's section 1983 claim against the TDCJ as an entity pursuant to Federal Rules

2

of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the claims are barred by the doctrine of sovereign immunity. "Because sovereign immunity deprives the court of jurisdiction . . . claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1)." *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996). Challenges to subject matter jurisdiction can be raised at any time prior to final judgment. *Grupo Dataflex v. Atlas Global Group, L.P.*, 124 S.Ct. 1920, 1924 (2004). Granting a motion to dismiss pursuant to 12(b)(1) is appropriate only if "it appears certain that the plaintiffs cannot prove any set of facts in support of their claim which would entitle them to relief." *Robinson v. TCI/US West Communications Inc.*, 117 F.3d 900, 904 (5th Cir. 1997) (citing *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir.1995)) (internal quotations omitted) (quoting *Hobbs v. Hawkins,* 968 F.2d 471, 475 (5th Cir.1992)). A court may decide a motion to dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citation omitted). Here, the Court bases its decision on Defendant TDCJ's Motion To Dismiss on the complaint alone. As a result, the court must consider all of the allegations in Plaintiff's complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). To the extent that Defendant TDCJ makes a separate argument for dismissal pursuant to Rule 12(b)(6), when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12(b) motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Id.* (citation omitted).

*Plaintiff's TCHRA Claims*

Defendant TDCJ argues that Plaintiff's claims under the TCHRA are barred by the doctrine of sovereign immunity. The principle of sovereign immunity poses a bar to federal jurisdiction over suits against nonconsenting states. *Alden v. Maine*, 527 U.S. 706, 730 (1999) (citation omitted). A suit against a state agency is similarly proscribed, regardless of the nature of the relief sought. *E.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted). Plaintiff does not dispute that the TDCJ is a state agency. In fact, Plaintiff refers to Defendant TDCJ as "an instrumentality of the state" and "a governmental entity" in her Third Amended Complaint. Pl.'s Third Am. Compl. at 2. Texas state statutes and case law also view the TDCJ as an arm of the state. Tex. Gov't Code §§ 493.001-.025; *Harrison v. Texas Dep't of Criminal Justice—Inst. Div.*, 915 S.W.2d 882, 889 (Tex. App.—Houston [1st. Dist.] 1995, no writ). *See also Harris v. Angelina County, Texas*, 31 F.3d 331, 338 n.7 (5th Cir. 1994).

Texas courts have held that the State of Texas has waived its sovereign immunity in state court for claims brought against its agencies under the TCHRA by including state agencies in the Act's definition of "employer." *King v. Texas Dep't of Human Svcs., ex rel. Bost*, 28 S.W.3d 27, 30 (Tex. App.—Austin 2000, no writ) (citing Texas Lab. Code § 21.002(8)(D)); *Sauls v. Montgomery County*, 18 S.W.3d 310, 313-15 (Tex. App.—Beaumont 2000, no writ). However, the United States Supreme Court has clearly and repeatedly said that a state's waiver of its immunity in its own courts does not waive the state's sovereign immunity in federal court. *E.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 n.9 (1984) (citation omitted). The doctrine of sovereign

immunity also applies to pendent state-law claims. *Id.* at 120. "The test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one. . . . [I]n order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court.*" *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985), *superseded by statute on other grounds by* 42 U.S.C. § 2000d-7 (citations omitted). A state's consent to suit in federal court must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99 (citation omitted).

Plaintiff does not claim that the State of Texas has waived its sovereign immunity in federal court for claims brought against its agencies under the TCHRA. Rather Plaintiff cites the *King* case for the proposition that the State has waived its sovereign immunity for actions brought in state court. However, as already noted, this is not sufficient to waive the TDCJ's immunity in federal court.

Furthermore, the Fifth Circuit has held that the section of the Texas Labor Code that waives the State's sovereign immunity for claims brought in state court under the TCHRA "does not expressly waive sovereign immunity in *federal* court." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002)[1]; *see also Walker v. Texas, Office of Attorney Gen.*, 217 F. Supp. 2d 776, 779-80 (E.D. Tex. 2002) (citations omitted).

Plaintiff's only other response is that, if the Court grants Defendant TDCJ's Motion regarding her TCHRA claims, Plaintiff will re-file the claim in state court. However, as Defendant TDCJ observes, this is irrelevant to the Court's decision.

---

[1] In an unpublished opinion, the Fifth Circuit cited *Perez* and stated that "[t]his Court clearly held that the TCHRA does not waive Texas' Eleventh Amendment immunity." *Hernandez v. Texas Dep't of Human Servs.*, 91 Fed. Appx. 934, 935 (5th Cir. 2004).

Accordingly, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims brought under the Texas Labor Code. They are therefore **DISMISSED WITHOUT PREJUDICE** in their entirety pursuant to Rule 12(b)(1). *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996).

*Plaintiff's Section 1983 Claim Against the TDCJ*

Defendant TDCJ also argues that Plaintiff's section 1983 claim against it should be dismissed because it is barred by the doctrine of sovereign immunity. As Defendant TDCJ points out, the Supreme Court held that section 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979). Therefore, Plaintiff's section 1983 claim against the TDCJ, a state agency, is barred.

Plaintiff responds that her section 1983 claim against the TDCJ should not be dismissed because Plaintiff seeks only prospective injunctive relief from the TDCJ. Plaintiff then cites certain Fifth Circuit cases for the proposition that suits against state officials in their official capacities for prospective injunctive relief are not suits against the state and are, therefore, not barred. There are two problems with Plaintiff's argument. First, Defendant TDCJ is not asking the Court to dismiss Plaintiff's section 1983 claims against the individual Defendants. Defendant TDCJ asks only that the Court dismiss Plaintiff's section 1983 claim against the TDCJ as an entity. Secondly, Plaintiff has not sued the individual Defendants in their official capacities, and she states in her Third Amended Complaint that she seeks monetary relief from the individual Defendants. Pl.'s Third Am. Compl. at 12. Plaintiff claims that she has standing to request prospective injunctive relief, and that "the only entity that can provide this relief is the TDCJ and not the individual Defendants." Pl.'s Resp. Def. TDCJ's Mot. Dismiss at 3. Regardless of

6

whether this is so, Plaintiff's section 1983 claim against the TDCJ is barred by the doctrine of sovereign immunity. Therefore, Plaintiff's section 1983 claim against Defendant TDCJ as an entity is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1).

Based on the Court's decision on Defendant TDCJ's Motion To Dismiss, the following claims remain in this lawsuit: (1) a Title VII claim against the TDCJ alleging sex discrimination arising from incidents or facts that occurred on or after April 11, 2001; (2) a Title VII retaliation claim against the TDCJ arising from incidents or facts that occurred on or after April 11, 2001; (3) and a section 1983 retaliation claim against Defendants Fant, Schlosser, Balusek, and Florence in their individual capacities arising from incidents that occurred on or after May 8, 2001.

Defendant TDCJ has filed an Advisory to the Court Regarding the Substitution of Official Capacity Defendants (Docket Entry No. 77) in which it states that the individual Defendants' successors should be automatically substituted as official capacity parties because the individual Defendants are no longer employed by the TDCJ. *See* Fed. R. Civ. P. 25(d). Plaintiff also argues in her pleadings in opposition to Defendant TDCJ's Motion To Dismiss that she has sued the individual Defendants in their official capacities. However, it appears from the face of Plaintiff's Third Amended Complaint that Defendants are sued only in their individual capacities. Therefore, the Court **ORDERS** that Plaintiff submit a pleading to the Court by March 31, 2005 that clarifies whether the individual Defendants are sued only in their individual capacities so that the Court may determine the proper parties to this lawsuit.

IT IS SO ORDERED.

SIGNED this 22nd day of March, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.