UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Karon K. Connelly,** § | |
| § | |
| **Plaintiff,** § | |
| VS. § | CIVIL ACTION NO. H-03-1581 |
| § | |
| **The Texas Department of Criminal Justice** § | |
| **and** § | |
| **John F. Fant,** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM AND ORDER

This suit arises from Plaintiff Karon K. Connelly's termination from the Texas Department of Criminal Justice's ("TDCJ") State Counsel for Offenders Division ("SCFO"). Defendant John F. Fant now moves for summary judgment, claiming qualified immunity and arguing that Connelly has not established a *prima facie* case of retaliation. After considering the parties' filings and the applicable law, the Court finds that Fant's motion should be and hereby is **DENIED**.

## I. BACKGROUND[1]

The SCFO is a government entity that provides legal services to inmates of the Texas state prison system. Connelly worked as an attorney for the SCFO from November 1998 until her termination in January 2002. In July or August 1999, Connelly first complained to an SCFO supervisor that Fant, then the Director of SCFO Legal Services, was engaging in the unauthorized practice of law. Connelly received no response from SCFO management. During the next two years, she repeatedly articulated

---

[1] For the purposes of Fant's motion for summary judgment, the Court construes all contested factual issues in the light most favorable to Connelly, the non-movant. *See, e.g.*, *Minter v. Great Am. Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

this and other concerns to various SCFO officials, who continued to ignore her complaints.

According to Connelly, SCFO supervisors have also engaged in systematic gender discrimination since at least 1999. In August 2000 and again in March 2001, Connelly applied for a promotion to the supervisory position of Trial Services Director. She was not chosen for the position, which was awarded to Cliff Roberson in 2000 and to Kenneth Florence in 2001. Connelly claims that Fant failed even to interview her before appointing Florence in 2001. According to Connelly, SCFO Supervisor David P. O'Neil told her at that time that Fant had said that "[a] woman will never be hired as Trial Services Director." Connelly claims to have complained of this discrimination to various SCFO supervisors.

In March 2001, Connelly notified the State Bar of Texas and Walker County District Attorney David Weeks that she suspected Fant of practicing law without a license. She later obtained documentation demonstrating that Fant's Texas law license was inactive, and she provided these documents to the Texas Bar. The following month, she reported the problem to Texas Board of Criminal Justice ("TBCJ") member Al Moran and General Counsel Carl Reynolds, and sent documentation of Fant's suspended law license to Moran. A few days later, Trial Services Director Florence ordered Connelly to turn over the case files of her clients in Brazoria and Fort Bend Counties, in preparation for Connelly's transfer to Houston and Bowie Counties. Connelly refused to surrender the files. Instead, she filed internal grievances against Fant and several other SCFO and TDCJ officials, objecting to the alleged unauthorized practice of law and to the hostility and retaliation allegedly directed at employees who "questioned management

and reported matters of public concern." A few weeks later, Florence initiated disciplinary proceedings against Connelly for her failure to surrender the files. Florence recommended that Connelly's employment be terminated. Because the charge was not properly served in accordance with SCFO regulations, it resulted in no disciplinary action against Connelly.

In August 2001, Florence filed a second disciplinary charge against Connelly, this time alleging that she had falsified travel records. According to the charge, Connelly had submitted travel vouchers and time sheets for inmate interviews that she had not actually conducted. A hearing was held the next day, and Connelly was found guilty of falsifying records without intent to deceive. She was placed on three months' probation. In October 2001, before Connelly had finished serving her probation, Florence filed another disciplinary charge, asserting that Connelly was guilty of insubordination. Florence alleged that Connelly had been "belligerent" to Florence while he was showing a new attorney applicant around the SCFO offices. Four days later, Florence filed two more disciplinary charges against Connelly, alleging insubordination and failure to obey an order.

A disciplinary hearing was held later that month, and Connelly was found guilty of all three charges and her employment terminated. Connelly then filed grievances with the TDCJ, TBCJ, and Equal Employment Opportunity Commission ("EEOC"), alleging illegal discrimination and retaliatory termination. She received a right-to-sue letter from the EEOC in February 2003 and timely filed suit on May 9, 2003. Currently pending before the Court are Connelly's claims of gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and of retaliatory termination under

the First Amendment and 42 U.S.C. § 1983, against the TDCJ and Fant. Fant now moves for summary judgment.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### B. First Amendment Retaliation

Connelly's only claim against Fant arises under 42 U.S.C. § 1983. Connelly alleges that Fant, acting in his individual capacity, retaliated against her, in violation of the First Amendment, for making statements on matters of public concern. (*See* 4th Am. Compl. at 15.) Specifically, Connelly claims that Fant terminated her employment in response to her complaints about illegalities occurring at the SCFO and TDCJ. (*Id.*) Fant invokes qualified immunity, arguing that he did not deprive Connelly of a clearly

established constitutional right of which a reasonable official would have known. (*See* Def. Fant's 1st Am. Mot. for Summ. J. at 6.) He also challenges Connelly's claim on its merits, on the ground that she has not sufficiently stated a *prima facie* case of retaliation. The Court addresses each argument in turn.

       1.      **Qualified immunity.**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The bifurcated test for qualified immunity is quite familiar: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of the clearly established law at the time of the incident." *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998).

It is uncontested that Connelly has alleged a violation of a clearly established constitutional right; namely, the right to free speech. Fant asserts, however, that his actions were objectively reasonable, in that he approved Connelly's termination only after concluding that the facts recounted in the hearing officer's disciplinary report supported such an action. (*See* Def. Fant's 1st Am. Mot. for Summ. J. at 9 & Ex. A.) According to Fant, "Connelly's subjective accounts of a documented incident in which she intervened in a conversation between a supervisor and a [j]udge and then refused to leave, and her insubordinate refusal to relinquish case files so that they could be transferred to other lawyers[,] constituted sufficiently reasonable grounds" for her

termination.  (Def. Fant's Reply to Pl.'s Resp. to Def. Fant's 1st Am. Mot. for Summ. J. at 2.)

Fant's approach to the objective reasonableness prong of the qualified immunity test misapprehends the nature of the required inquiry.  This second prong can be satisfied only by a showing that, *even if Connelly is correct in alleging that Fant violated her First Amendment right by terminating her for engaging in free speech*, Fant was reasonable in doing so.  As Connelly notes in her response to Fant's motion, Fant can invoke qualified immunity in this case only by showing that "he made a mistake of fact, or . . . could have believed that his acts did not infringe Connelly's indisputable free speech right."  (Pl.'s Resp. to Def. Fant's 1st Am. Mot. for Summ. J. at 17.)  Fant has not even attempted to make such a showing.  Summary judgment on the issue of qualified immunity is, therefore, inappropriate at this time.

### 2.    The substantive claim.

To establish a *prima facie* case of First Amendment retaliation, Connelly must prove that "(1) [Fant was] acting under color of state law; (2) [Connelly's] speech activities were protected under the First Amendment; and (3) [Connelly's] exercise of her protected right was a substantial or motivating factor in [Fant's] actions." *Pierce v. Texas Dep't of Criminal Justice*, 37 F.3d 1146, 1149 (5th Cir. 1994).  Fant concedes that Connelly has satisfied the first prong of the test.

The second prong requires Connelly to show that her speech was protected—that is, that it touched a matter of public concern.  *See Connick v. Myers*, 461 U.S. 138, 143-46 (1983).  "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the

whole record." *Id.* at 147-48.  It is a question of law to be resolved by the Court.  *Terrell v. Univ. of Texas System Police*, 792 F.2d 1360, 1362 n.2 (5th Cir. 1986).

Fant argues that Connelly's allegations concerning the unauthorized practice of law did not concern the public, because Fant's responsibilities "were administrative in nature and did not involve the representation of clients or the practice of law."  (Def. Fant's 1st Am. Mot. for Summ. J. at 12-13.)  Connelly contends, however, that Fant's job duties were those of an attorney, including "supervising attorneys in the practice of law, advising counsel in the practice of law, providing input into the legal strategy and handling of SCFO files, and appearing in courts of law and representing that he was a licensed attorney allowed to actively practice in Texas."  (4th Am. Compl. at 5.)  Thus, a genuine issue of material fact exists, and summary judgment is inappropriate.

Fant also contends that he is entitled to summary judgment on the issue of public concern because Connelly has failed to support her claim that his alleged misconduct adversely affected anyone but SCFO or TDCJ employees.  (*Id.* at 13.)  As Connelly correctly points out, however, "[s]peech which discloses any evidence of corruption, impropriety, or other malfeasance on the part of [public] officials, in terms of content, clearly concerns matters of public import."  *Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir. 1988), *cited with approval in Schultea v. Wood*, 27 F.3d 1112, 1120 (5th Cir. 1994). (*See also* Pl.'s Resp. to Def. Fant's 1st Am. Mot. for Summ. J. at 21.)  Because Connelly's speech did concern alleged misconduct on the part of SCFO and TDCJ officials, therefore, it was *per se* of public concern.

Fant next argues that, even if Connelly's speech touched a matter of public concern, it was outweighed in importance by the TDCJ's interest in maintaining an

"orderly and efficient workplace." (Def. Fant's 1st Am. Mot. for Summ. J. at 13.) He cites *Connick* for the proposition that "an employer [need not] allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action." 461 U.S. at 151-52. The speech at issue in *Connick*, however, was of lesser public import than Connelly's speech; the plaintiff in *Connick* had merely circulated an intra-office questionnaire seeking employees' views as to the trustworthiness of agency supervisors and the wisdom of office policies. *Id.* at 141. Indeed, the *Connick* Court explicitly "caution[ed] that a stronger showing [of an important government interest] may be necessary if the employee's speech more substantially involve[s] matters of public concern." *Id.* at 152. As noted above, Connelly's speech addressed an issue that is, by its very nature, of great public concern. Fant cannot bear his heavy burden of showing an overriding government imperative merely by invoking a vague and general interest in workplace harmony.

As to the third and final prong of the *prima facie* retaliation case, that of causation, Fant contends that Connelly's claim fails because Fant was not the final decisionmaker regarding her termination. (*See* Def. Fant's 1st Am. Mot. for Summ. J. at 14-15.) According to Fant, his approval of the termination was "reviewed and approved at three higher levels." (*Id.* at 14.) Connelly, however, contests Fant's version of the facts and argues that Fant's decision was, according to policy as well as in actuality, final. (*See* Pl.'s Resp. to Def. Fant's 1st Am. Mot. for Summ. J. at 24-25; Connelly Aff. at 41, 43; 4th Am. Compl. at 12.) She has presented evidence to support this contention. (*See* Connelly Aff. at 41; Stringfellow Aff. at 23-24.) While Fant is correct in stating that only an ultimate decisionmaker can be held liable for First Amendment retaliation under §

1983 (*see* Def. Fant's 1st Am. Mot. for Summ. J. at 14-15; *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 605 (5th Cir. 2001)), a genuine issue of material fact exists as to whether or not Fant actually was the ultimate decisionmaker regarding Connelly's termination.  Therefore, summary judgment is inappropriate at this time.

**CONCLUSION**

Connelly has established a *prima facie* case of First Amendment retaliation.  Fant has failed to show conclusively that he is entitled to qualified immunity from suit, and genuine issues of material fact preclude a grant of summary judgment on the merits at this time.  Fant's motion for summary judgment is therefore **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 24th day of October, 2005.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**