UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Karon K. Connelly, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-03-1581 |
| | § | |
| The Texas Department of Criminal Justice, | § | |
| John F. Fant, | § | |
| Cliff Roberson, | § | |
| Rebecca Schlosser, | § | |
| Kenneth W. Balusek, | § | |
| and | § | |
| Kenneth B. Florence, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This suit arises from Plaintiff Karon K. Connelly's termination from the Texas Department of Criminal Justice's ("TDCJ") State Counsel for Offenders Division ("SCFO"). Defendant TDCJ now moves for summary judgment, arguing that Connelly has not established a *prima facie* case of discriminatory discharge and, in the alternative, that Connelly cannot demonstrate that the TDCJ's proffered legitimate, non-discriminatory reason for her termination is a mere pretext. After considering the parties' filings and the applicable law, the Court finds that the TDCJ's motion should be and hereby is **DENIED**.

## I.  BACKGROUND[1]

The SCFO is a government entity that provides legal services to inmates of the Texas state prison system. Connelly worked as an attorney for the SCFO from

---

[1] For the purposes of TDCJ's motion for summary judgment, the Court construes all contested factual issues in the light most favorable to Connelly, the non-movant. *See, e.g.*, *Minter v. Great Am. Ins. Co. of New York*, 423 F.3d 460, 465 (5th Cir. 2005).

November 1998 until her termination in January 2002. In July or August 1999, Connelly first complained to an SCFO supervisor that Defendant John F. Fant, then the Director of SCFO Legal Services, was engaging in the unauthorized practice of law. Connelly received no response from SCFO management. During the next two years, she repeatedly articulated this and other concerns to various SCFO officials, who continued to ignore her complaints.

According to Connelly, SCFO supervisors have also engaged in systematic gender discrimination since at least 1999. In August 2000 and again in March 2001, Connelly applied for a promotion to the supervisory position of Trial Services Director. She was not chosen for the position, which was awarded to Cliff Roberson in 2000 and to Kenneth Florence in 2001. Connelly claims that Fant failed even to interview her before appointing Florence in 2001. According to Connelly, SCFO Supervisor David P. O'Neil told her at that time that Fant had said that "[a] woman will never be hired as Trial Services Director." Connelly claims to have complained of this discrimination to various SCFO supervisors.

In March 2001, Connelly notified the State Bar of Texas and Walker County District Attorney David Weeks that she suspected Fant of practicing law without a license. She later obtained documentation demonstrating that Fant's Texas law license was inactive, and she provided these documents to the Texas Bar. The following month, she reported the problem to Texas Board of Criminal Justice ("TBCJ") member Al Moran and General Counsel Carl Reynolds, and sent documentation of Fant's suspended law license to Moran. A few days later, Trial Services Director Florence ordered Connelly to turn over the case files of her clients in Brazoria and Fort Bend Counties, in

preparation for Connelly's transfer to Houston and Bowie Counties. Connelly refused to surrender the files. Instead, she filed internal grievances against Fant and several other SCFO and TDCJ officials, objecting to the alleged unauthorized practice of law and to the hostility and retaliation allegedly directed at employees who "questioned management and reported matters of public concern." A few weeks later, Florence initiated disciplinary proceedings against Connelly for her failure to surrender the files. Florence recommended that Connelly's employment be terminated. Because the charge was not properly served in accordance with SCFO regulations, it resulted in no disciplinary action against Connelly.

In August 2001, Florence filed a second disciplinary charge against Connelly, this time alleging that she had falsified travel records. According to the charge, Connelly had submitted travel vouchers and time sheets for inmate interviews that she had not actually conducted. A hearing was held the next day, and Connelly was found guilty of falsifying records without intent to deceive. She was placed on three months' probation. In October 2001, before Connelly had finished serving her probation, Florence filed another disciplinary charge, asserting that Connelly was guilty of insubordination. Florence alleged that Connelly had been "belligerent" to Florence while he was showing a new attorney applicant around the SCFO offices. Four days later, Florence filed two more disciplinary charges against Connelly, alleging insubordination and failure to obey an order.

A disciplinary hearing was held later that month, and Connelly was found guilty of all three charges and her employment terminated. Connelly then filed grievances with the TDCJ, TBCJ, and Equal Employment Opportunity Commission ("EEOC"), alleging

illegal discrimination and retaliatory termination. She received a right-to-sue letter from the EEOC in February 2003 and timely filed suit on May 9, 2003. Currently pending before the Court is Connelly's claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against the TDCJ.[2] The TDCJ now moves for summary judgment.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.*

---

[2] In her response to the TDCJ's motion for summary judgment, Connelly abandoned her gender discrimination claim. (*See* Pl.'s Resp. to Def. TDCJ's Mot. for Summ. J. at 1, 5.)

B.	Connelly's Retaliation Claim

1.	Causation.

Connelly alleges that the TDCJ violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, by retaliating against her for her complaints about gender discrimination within the SCFO. (*See* 4th Am. Compl. at 15.) Title VII makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a). "A plaintiff establishes a *prima facie* case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action." *Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996).

"In order to establish the causal link between the protected conduct and the illegal employment action as required by the *prima facie* case, the evidence must show that the employer's decision to terminate was based in part on knowledge of the employee's protected activity." *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). The TDCJ contends that Connelly cannot satisfy this third prong of the test, because she "has no direct evidence of a retaliatory motive by any of the firing authorities at [the] TDCJ." (Def. TDCJ's Mot. for Summ. J. at 8.)

A plaintiff may establish causation by *either* direct *or* circumstantial evidence. *Fierros v. Texas Dep't of Health*, 274 F.3d 187, 191-92 (5th Cir. 2001). Connelly argues, *inter alia*, that the timing of her termination is evidence of retaliation, coming as it did

only a few weeks after she complained of discrimination by Fant. (*See* Pl.'s Resp. to Def. TDCJ's Mot. for Summ. J. at 8.) "Close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a *prima facie* case of retaliation." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

The TDCJ contends, however, that Connelly's timing argument is unavailing, because Fant was not the ultimate decisionmaker regarding her termination. (Def. TDCJ's Mot. for Summ. J. at 8.) According to the TDCJ, the final decision to terminate Connelly's employment was made by Mac Stringfellow, the Chairman of the Texas Board of Criminal Justice ("TBCJ"). (*Id.*) Because Connelly has not alleged that Stringfellow knew of her complaints or was motivated by a desire to retaliate against her for those complaints, TDCJ urges the Court to grant summary judgment against Connelly.

Connelly, however, argues that the termination decision was actually made by Fant, who concededly knew of Connelly's complaints and who, she alleges, was motivated by a desire for retaliation. (*See* Pl.'s Resp. to Def. TDCJ's Mot. for Summ. J. at 24-25; Connelly Aff. at 41, 43; 4th Am. Compl. at 12.) Connelly has presented evidence to support this contention. (*See* Connelly Aff. at 41; Stringfellow Aff. at 23-24.) Thus, a genuine issue of material fact exists as to whether or not Fant actually was the ultimate decisionmaker regarding Connelly's termination, and, therefore, whether Connelly can show causation. This factual dispute precludes a grant of summary judgment.

### 2. Pretext.

"Once the *prima facie* case is established, the burden of producing some nondiscriminatory reason falls upon the defendant." *McMillan v. Rust College, Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983). If the defendant meets this burden, then the plaintiff bears the ultimate burden of showing that the proffered reasons are a pretext for retaliation, by demonstrating that the adverse employment action would not have occurred "but for" the employee's participation in the protected activity. *See Fierros*, 274 F.3d at 191-92. In other words, "once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the [suspicious] timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive." *Swanson*, 110 F.3d at 1188.

The TDCJ avers that Connelly's termination resulted from her misconduct, which disrupted the workplace and damaged employee morale. (*See* Pl.'s Resp. to Def. TDCJ's Mot. for Summ. J., Ex. W, at 43-44 (Balusek Dep.).) Connelly responds that the charges of misconduct were falsified—in other words, were mere pretexts for discrimination— and has provided evidence to support her argument. (*See id.*, Ex. L, at 75-76 (Florence Dep.); *id.*, Ex. V (Reese Aff.).) A reasonable jury could infer from this evidence that Connelly's termination was actually motivated by discrimination and the desire to retaliate. Therefore, summary judgment is not appropriate at this time.

**CONCLUSION**

Connelly has established a *prima facie* case of retaliation in violation of Title VII. Although TDCJ has offered a legitimate, non-discriminatory reason for Connelly's termination, Connelly has responded with evidence that might lead a reasonable jury to

conclude that TDCJ's purported reason is in reality a mere pretext for discrimination. For this reason, TDCJ's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 24th day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**